```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
```

_____
                                    )
Edward Berrios,                     )
                                    )
          Petitioner,               )
                                    )
     v.                             )   CA No. 19-165 WES
                                    )
Patricia Coyne-Fague, et al.        )
                                    )
          Respondent.               )
_____)


**MEMORANDUM & ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Edward Berrios' Petition filed under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Pet."), ECF No. 1. The State has filed a motion to dismiss the Petition, ECF No. 3. For the reasons set forth below, the motion to dismiss is GRANTED, and the Petition is DENIED and DISMISSED.

I.  Background

On December 3, 2015, Berrios pleaded nolo contendere to one count of second-degree child molestation pursuant to R.I. Gen. Laws § 11-37-8.3 in Rhode Island Superior Court. Pet. 1. Berrios received a 15-year sentence. Id. Because Berrios pleaded nolo contendere, he did not file an immediate appeal of his decision in R.I. Supreme Court. Id. at 1-2. On November 29, 2018, Berrios

applied for post-conviction relief ("PCR 1") in the Superior Court arguing, amongst other things, that § 11-37-8.3 ought to be deemed unconstitutional in the wake of R.I. Supreme Court case, State v. Maxie, 187 A.3d 330, 341 (R.I. 2018) (ruling R.I. G.L. § 11-67-6 unconstitutional as it failed to connect the criminal conduct to the stated punishment). Id. at 3. Because dozens of state prisoners had made similar allegations regarding the unconstitutionality of § 11-37-8.3 following Maxie, the Superior Court severed all grounds in PCR 1 unrelated to § 11-37-8.3. See Order, 1, ECF No 1-6. The Superior Court then allowed Berrios to re-allege the unrelated grounds in a second application for post- conviction relief ("PCR 2") which Berrios filed on March 7, 2019. Pet. 3. Both PCR applications remain pending in Superior Court. See id.

Berrios, apparently unsatisfied with the pending status of his PCR applications, mailed the immediate Petition on March 29, 2019.[1] Id. 14. The Petition alleges four grounds for relief all based on the alleged unconstitutionality of § 11-37-8.3. See id. at 5-8. The State moves to dismiss claiming first that the Petition is time-barred under 28 U.S.C. 2244(d) or, alternatively, that Berrios has failed to exhaust his state court remedies as

---

[1] The Petition is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on date prisoner relinquishes control over documents).

required by 28 U.S.C. 2254(b)(1)(A). See Memo. in Supp. of State's Mot. to Dismiss ("Mot."), 1, ECF No. 3.

II. Discussion

Section 2254 provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (2018).

A. Timeliness

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to habeas petitions by persons convicted in state court. See 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. Pursuant to § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In addition to statutory tolling exceptions, the First Circuit has determined that § 2244(d)(1) is subject to equitable tolling. See Neverson v. Farquharson, 366 F.3d 32, 41 (1st Cir. 2004). Equitable tolling allows the Court to omit certain time periods from consideration, but only "when circumstances beyond the petitioner's control have prevented him from filing on time." Id. at 42. For equitable tolling to apply, the petitioner must prove that he has (1) "been pursuing his rights diligently," and (2) "some extraordinary circumstance prevented timely filing." Holmes v. Spencer, 822 F.3d 609, 611 (1st Cir. 2016). Because equitable tolling is the "exception, rather than the rule," it may only be granted in extremely limited circumstances. Trapp v Spencer, 479 F.3d 53, 59 (1st Cir. 2007).

Here, Plaintiff was sentenced on December 3, 2015. He did not mail this Petition until March 29, 2019. Pet. 1. Even if the period following the filing of PCR 1 on November 29, 2018 was omitted according to 28 U.S.C. § 2244(d)(2), Berrios' Petition still comes nearly three years (two years, eleven months, and twenty- seven days) after his nolo contendere plea. The Petition is therefore time-barred.

Berrios recognizes that his Petition is untimely but contends that § 2244(d)(1) ought not apply because he did not become "conscious that the penal statute he was convicted and sentenced under was unconstitutional" until the Maxie decision in June of 2018. Pet. 13. Berrios further argues that he did not recognize that the statute was allegedly unconstitutional because he is not a "trained legal professional." Id.

Berrios is suggesting, albeit implicitly, that his Petition ought to receive equitable tolling for the time from Berrios' conviction (November 2015) to the Maxie decision (June 2018). Estelle v Gambelle, 429 U.S. 97, 106 (1976)(noting that "handwritten pro se document[s] [are] to be liberally construed"). If the Court were to adopt his reasoning, Berrios' Petition would be timely. But Berrios has not overcome the burden of proof on either element of equitable tolling. See Holmes, 822 F.3d at 611. First, Berrios has made no demonstration that he has been "pursuing his rights diligently." See id. Rather, it took Berrios almost three

years to pursue any sort of relief on his conviction.  See Pet. 2; See Pace v. DiGuglielmo, 544 U.S. 408, 419 (2005) (ruling that a petitioner did not meet the diligence requirement because he waited "years" to seek relief).

Berrios contends he was not "conscious" that the criminal statute in question was allegedly unconstitutional until the Maxie decision in 2018, which he argues explains his lack of diligence. See Pet. 13.  The Maxie decision ruled § 11-67-6, a statute defining a different crime that has no bearing on Berrios' conviction, to be unconstitutional.  See Maxie, 187 A.3d at 336. Berrios, realizing that § 11-37-8.3 may be similarly flawed, contends that this ruling made him aware of his own constitutional argument raised in PCR 1.  See Pet. 13.  Once he became aware of Maxie, he argues that he diligently pursued relief.  See id.

This argument does not demonstrate an extraordinary circumstance that prevented Berrios from filing a timely Petition.  In fact, there was nothing that prevented Berrios from presenting the exact defense theory that the defendant raised in Maxie on direct appeal of his own case.  Rather, the Maxie decision merely raised a legal theory that Berrios had not yet considered.  See Maxie, 187 A.3d at 336.  Thus, regardless of the Maxie decision, no circumstance prevented Berrios from filing this Petition in a timely manner.  See Holmes, 822 F.3d at 611.

6

Berrios' contention that he is not a "trained legal mind" that could have recognized this theory on his own does not strengthen his argument. See Neverson, 366 F.3d at 44. The First Circuit has consistently held that lack of legal knowledge does not constitute an extreme circumstance that calls for equitable tolling. See id. (noting that pro se habeas petitioners are "charged with knowledge of its requirements"); Lattimore v. Dubois, 311 F.3d 46, 55 (1st Cir. 2002)("Ignorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing.") (citation omitted); Delaney v Matesanz, 264 F.3d 7, 15 (1st Cir. 2001) ("In the context of habeas claims, courts have been loath to excuse late filings simply because a pro se prisoner misreads the law"); see also Woods v. Whitley, 933 F.2d 321, 323 (5th Cir. 1991) (holding that habeas petitioner's "ignorance of the facts and legal theories" does not constitute grounds for failing to satisfy the requirements of a habeas petition).

Accordingly, equitable tolling is inapplicable, and Berrios' Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

B. Exhaustion

Even if the Petition was timely, which it is not, all four grounds for relief violate the exhaustion doctrine under 28 U.S.C. § 2254(b)(1).

Federal courts may not hear a habeas petition until the petitioner "has exhausted [all] remedies available in the courts of

the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). The question is whether any State remedies, regarding each claim, were available to Berrios when the Petition was filed such that he could exhaust the claim. See Engle v. Isaac, 456 U.S. 107, 125 n.28 (1982) ("Section 2254(b) requires habeas applicants to exhaust those remedies 'available in the courts of the State' . . . refer[ring] only to remedies still available at the time of the federal petition."); see also Rose v. Lundy, 455 U.S. 509, 520 (1982) ("before you bring any claims to federal court, be sure that you first have taken each one to state court); Pike v Guarino, 492 F.3d 61, 71 (1st Cir. 2007) ("Principles of comity and federalism push in favor of giving state courts, without premature federal interference, a meaningful opportunity to consider, and if necessary to correct, claims of legal error in state criminal prosecutions").

Each of Berrios' alleged grounds for habeas relief is contained in either of the two pending state PCR applications. See Pet. 4-11. Therefore, those pending applications, as well as any appeals of decisions granting or denying relief, are available state remedies. See Engle, 456 U.S. at 125. Berrios willingly admits that his claims have not been exhausted. See Pet. Mem. in Opp'n to Mot. to Dismiss 2, ECF No. 4 ("Pet. Opp'n Mem.") ("[I]n

spite of petitioner not exhausting his state court remedies..."). Berrios contends that the PCR process is "inadequate" and "ineffective." Id. at 1. He further argues that he is "not being allowed" to properly exhaust his claims because PCR 1 has been pending for a substantial duration of time and the Superior Court has indicated that it will not hear PCR 2 until PCR 1 is ruled upon. See id. at 2. Berrios believes that this delay requires "intervention [from] the federal judicial system in the interest of justice . . . . " Id.

Reading Berrios' Petition generously, he is either contending that "there is an absence of available State corrective process," 28 U.S.C. § 2254(b)(1)(B)(i), or that "circumstances exist that render such process ineffective to protect the rights of the applicant." Id. § 2254(b)(1)(B)(ii). Berrios first suggests that for grounds two, three, and four, the Superior Court has prevented him from exhausting those claims by requiring them to be severed from PCR 1. See Pet. 5-11. However, by Berrios' own admission, all four claims are currently pending in either PCR 1 or PCR 2 such that there is not an "absence of available State corrective process." See Pet. Opp'n Mem. 2; 28 U.S.C. § 2254(b)(1)(B)(i).

Berrios' principle complaint is that this Court must intervene because the PCR process is ineffective and slow. See Pet. Opp'n Memo 2. However, the Supreme Court has established that:

> it is a principle controlling all habeas corpus petitions to the federal courts, that those courts will interfere with the administration of justice in the state courts only "in rare cases where exceptional circumstances of peculiar urgency are shown to exist."

Granberry v. Greer, 481 U.S. 129, 134, (1987) (quoting Ex parte Hawk, 321 U.S. 114, 117 (1944)). Here, Berrios has not shown that "exceptional circumstances" warrant inference with the state PCR process. See id.

It is true that inordinate delays in state court proceedings may create an exceptional circumstance in which the federal courts can intervene. See Jackson v. Duckworth, 112 F.3d 878, 881 (7th Cir. 1997) ("Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief."). See generally McCarthy v. Madigan, 503 U.S. 140, 146-47 (1992) ("[R]equiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a court action . . . for example, from an unreasonable or indefinite timeframe for administrative action") (citations omitted).

However, PCR 1 has only been pending in the Superior Courts for approximately seven months. See State Mot. To Dismiss. Ex. 2, ECF No. 3. PCR 2 has only been pending for three months. See Pet. 2. Such delays are not nearly long enough to qualify as inordinate. See Simmons v. Reynolds, 898 F.2d 865, 869 (2nd Cir. 1990)

10

(finding a six year delay to be inordinate); Burkett v. Cunningham, 826 F.2d 1208, 1218-19 (3rd Cir. 1987)(finding a five year delay to be inordinate); Hankins v. Fulcomer, 941 F.2d 246, 252-53 (3rd Cir. 1991) (finding an eleven year delay to be inordinate); Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir.1981) ("A seventeen month delay is inordinate.").

Berrios has therefore not demonstrated an exceptional circumstance that justifies excusing the exhaustion requirement. See 28 U.S.C. § 2254(b)(1)(B)(i). Accordingly, in addition to lack of timeliness, all four grounds for relief have not been properly exhausted.[2]

III. Conclusion

For the reasons set forth above, the State's motion to dismiss, ECF No. 3 is GRANTED, and Berrios' Petition, ECF No. 1 is DENIED and DISMISSED.

RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Berrios has failed to

---

[2] Although not directly raised by the State, all four claims would also likely be procedurally defaulted because Berrios has not raised them on appeal to the R.I. Supreme Court. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999) (establishing that a petitioner must properly exhaust all claims throughout each level of State court).

11

make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Berrios is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2254 Proceedings.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: July 29, 2019